---

## In re COE et al.

### (District Court, S. D. New York. May 27, 1907.)

### No. 9,649.

1. BANKRUPTCY—TRUSTEE—COMPETENCY OF ALIEN.

A person is not disqualified from acting as a trustee in bankruptcy because he is an alien, if he is competent to perform the duties, and resides or has an office in the district, and is duly chosen by the creditors.

2. SAME—PARTNERSHIP—TRUSTEE FOR PARTNERS.

Bankr. Act July 1, 1898, c. 541, § 5, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424], contemplates that the trustee elected for a partnership shall also be the trustee of the individual partners, and there is no authority for the election of separate trustees for the partners.

In Bankruptcy. On review of orders of referee.

Malcolm Sundheim (Leo Oppenheimer and James N. Rosenberg, of counsel), for James B. Blackhurst.

Allen Wardwell, for New Britain Trust Company.

Bowers & Sands, for Lincoln Trust Company.

White & Case (George B. Case and Joseph M. Hartfield, of counsel), for trustee and creditors' committee.

HOLT, District Judge. This is a proceeding to review two orders of the referee, one of which confirmed the election of Richard H. Webber as trustee, and the other of which refused to confirm the election of William C. Wilson as trustee of the individual assets of one of the bankrupts. The bankrupts were partners. Richard H. Webber was elected by the partnership creditors as trustee. His election was confirmed by the referee. Two individual creditors of one of the partners, Coe, voted for the election of William C. Wilson as trustee of his individual estate. The referee refused to approve his election.

It is claimed that Webber is not competent to act because he is an alien: Bankr. Act July 1, 1898, c. 541, § 1, subd. 18, 30 Stat. 544 [U.

S. Comp. St. 1901, p. 3419], defines the term "officer," as used in the act, as including, among others, trustees. The objecting creditors assert as a general proposition of law that no alien can be an officer. But, in the first place, in my opinion, a trustee in bankruptcy does not occupy an office, in the sense in which that term is used in the law which prohibits an alien from being a public officer. His duties are not general or permanent. Matter of Hathaway, 71 N. Y. 238; U. S. v. Germaine, 99 U. S. 508, 25 L. Ed. 482; Auffmordt v. Hedden, 137 U. S. 310, 11 Sup. Ct. 103, 34 L. Ed. 674. Moreover, the qualifications of trustees are specifically described in section 45. That section does not expressly prohibit aliens from acting. It provides that:

"Trustees may be (1) individuals who are respectively competent to perform the duties of that office, and reside or have an office in the judicial district within which they are appointed, or (2) corporations authorized by their charters or by law to act in such capacity and having an office in the judicial district within which they are appointed."

"Individual" is a very broad term, and, of course, includes aliens. Corporations organized under the laws of another state or country apparently, under this section, can act, if they have an office in the district; and I do not see why any individual who is a citizen of another state or country should not be permitted to act, if he is competent to perform the duties, and resides or has an office in the district, and is duly chosen by the creditors.

Section 5 of the bankrupt act provides that the creditors of a partnership in bankruptcy shall appoint the trustee, and that such trustee shall keep separate accounts of the partnership property and of the property belonging to the individual partners. There is no specific provision in the act authorizing a different trustee for the separate estates of individual partners, and I think that section 5 contemplates that the partnership trustee shall be the trustee of the individual partners. There are obvious advantages in such a practice, and there would be serious objections to having different trustees for the partnership assets and the individual assets. It is claimed in this case that the partnership has a large claim against the estate of Coe, and that the trustee elected by the partnership creditors would presumably act in the interests of the firm creditors. It is his duty not to do so, but to be strictly impartial as between the creditors of the partnership and of each individual partner. I think, under such circumstances, that it would be proper for the referee to permit any creditors either of the individual partners or of the firm to appear and contest the claim of the partnership estate against the individual estate of the partner Coe, notwithstanding the general rule that a trustee only can contest claims; but I think that there is no authority for appointing separate trustees.

Both orders under review are affirmed.